# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# DANVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Crim. Action No. 4:18-cr-00009 (JLK) |
| | ) |
| JOSHUA MALIK COLEMAN | ) |
|   Defendant. | ) |

## UNITED STATES' SENTENCING MEMORANDUM

The defendant engaged in a heinous act. He lured a 15-year-old minor to his home, impaired her ability to appraise or control her conduct through alcohol and synthetic marijuana, and then raped her – while filming the sexual assault on a cellphone. Those videos then circulated on social media, traumatizing the victim over and over again and leading her to engage in self-destructive behaviors that have permanently affected her life.

As detailed in the Presentence Investigation Report ("PSR"), under the United States Sentencing Guidelines ("the Guidelines"), the defendant's sentencing range is a term of imprisonment of 27 to 30 years, a mandatory minimum term of imprisonment of 15 years, a minimum term of supervised release for five years (up to life), and restitution, in addition to his having to register as a sexual offender. PSR, at ¶¶ 47-48, 51-52, 60. The United States respectfully submits that, based on the facts and the defendant's plea and acceptance of responsibility, the defendant should be sentenced to the mandatory minimum period of incarceration and ten years of supervised release as a sexual offender. As set forth more fully below, such a sentence would be reasonable and satisfy the Section 3553(a) factors, including reflecting the seriousness of the offense.

1

## FACTUAL BACKGROUND

On Saturday, October 22, 2016, co-defendant Matthew Ferguson texted Juvenile A via Facebook Messenger and said that he and his cousin, Joshua Coleman, had alcohol. Ferguson and the Juvenile A knew each other, and, although they had not socialized like this before, Juvenile A agreed to meet up with Ferguson and Coleman.

At approximately 10:30-11:00 p.m., Coleman picked up Juvenile A and drove her to Coleman's house located in Danville, Virginia. There, Ferguson and Coleman made alcohol drinks for Juvenile A, and all three smoked K-2, a synthetic form of marijuana, which one of the defendants provided. At some point, Juvenile A passed out, waking up early the next morning, around 2-3:00 am. When Juvenile A woke up, Juvenile A did not feel right, and asked Ferguson and Coleman to transport Juvenile A to the emergency room. They dropped Juvenile A off outside of the hospital and drove away from the building. At the hospital, Juvenile A was treated for alcohol poisoning.

A few weeks later, Juvenile A saw on Facebook at least two videos showing Juvenile A having sexual intercourse with Ferguson and Coleman. In one video, Ferguson is having vaginal intercourse with Juvenile A while Coleman films the event on a cellphone. Towards the end of the video, Juvenile A appears unresponsive. In the second video, Coleman is having vaginal intercourse with Juvenile A while she performs oral sex on Ferguson. During the video, Coleman is holding a cellphone in an outstretched arm and recording the event while it occurs. At one point, the cellphone records Ferguson looking at the camera and, at another moment, Coleman looks directly at the camera and makes a face.

Juvenile A does not recall the sexual assault and did not give permission for the sexual contact or the filming of it. At the time of the filming, Juvenile A was 15 years old. Juvenile A

was publicly shamed and repeatedly bullied after the videos appeared on Facebook, causing her to engage in a series of self-destructive behaviors – behaviors and consequences she still struggles to overcome. It is not an exaggeration to say that the event has significantly and permanently impacted her life. At this time, the victim intends to appear at the hearing and speak about those consequences.

## DISCUSSION

District courts generally must perform the following four steps in sentencing defendants: (1) "properly calculate the sentence range recommended by" the advisory Guidelines; (2) "determine whether a sentence within that range and within statutory limits serves the factors set forth in [18 U.S.C.] § 3553(a) and, if [it does] not, select a sentence that does serve those factors;" (3) implement any applicable mandatory statutory limitations; and (4) articulate, on the record, "the reasons for selecting the particular sentence" and especially, if applicable, "explain[] why a sentence outside of the Sentencing Guidelines range better serves the relevant sentencing purposes set forth in § 3553(a)" than one within it. *United States v. Green*, 436 F.3d 449, 456 (4th Cir. 2006); 18 U.S.C. § 3553(a). This memorandum outlines these factors and the bases for the United States' recommended guideline-compliant sentence.

A. **Section 3553(a) Sentencing Factors**

  i. **The Nature and Circumstances of the Offense and the History and Characteristics of the Defendant**

The Factual Background and the PSR describe the offense conduct. PSR, ¶¶ 4-5. The victim will present a victim's impact statement at sentencing further describing the trauma to her, which was substantial and which requires years of therapy and drug treatment.

Raised without contact from his natural father, sexually abused by a babysitter, and addicted to alcohol and drugs from an early age, indisputably the defendant's history is

sympathetic and most likely fueled the behaviors that have led to his multiple criminal convictions, including his atrocious conduct in this case. *See* PSR, ¶¶ 35-42. In fact, it appears that the defendant's alcohol and drug abuse may have directly contributed to his conduct here, underscoring the need for a lengthy term of supervised release.

> ii. **The Need for the Sentence to Reflect the Seriousness of the Offense, to Promote Respect for the Law, Provide Just Punishment, Adequate Deterrence, and Protect the Public**

A sentence of 15 years' incarceration and 10 years' supervised release reflects the seriousness of the offense and helps protect the public. Although a sentence at the statutory mandatory minimum represents a significant departure from the recommended sentencing guidelines range, the sentence is still substantial. Such a sentence also recognizes that, while the defendant filmed the sex acts with the juvenile, he did not distribute them on Facebook, and balances the defendant's acceptance of responsibility for his conduct by pleading guilty and not forcing the victim to testify at trial.

A lengthy period of supervised release (10 years) would help protect the public and avoid recidivism by providing structure, accountability, and services necessary to help prevent the defendant from engaging in future child exploitation offenses.

> iii. **Applicable Sentencing Range and Kinds of Sentences Available**

A minimum period of incarceration of 15 years is required by statute, with a maximum statutory penalty of 30 years. PSR, ¶ 47. A period of supervised release of 5 years to life is also required by statute. *Id.* at ¶ 50. The defendant is not eligible for probation or alternative forms of incarceration. *Id.* at ¶ 53.

Based on the facts of the case and the defendant's prior convictions, the defendant's guideline range is calculated at 27 to 30 years' imprisonment. PSR, ¶ 48.

#### iv. Pertinent Policy Statement

The United States appreciates that the proposed sentence represents a departure from the recommended sentencing guidelines. If the Court is considering a downward departure or variance from the sentencing guidelines, the Court must "find[] that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines . . . the court shall consider only the sentencing guidelines, policy statements, and official commentary of the Sentencing Commission." 18 U.S.C. § 3553(b)(1). The United States contends that the defendant merits a downward departure from his sentencing range because of his early acceptance of his plea agreement, which prevented the victim from having to testify publicly at trial; recognition that the United States possesses no evidence that the defendant distributed the video to anyone else; the lengthy mandatory minimum sentence; and the substantial period of supervised release which the defendant faces.

#### v. Restitution

By statute, restitution is mandatory in this case. However, at this time, the United States knows of no applicable restitution amount.

#### vi. Sentencing Exhibits and Testimony

Other than the victim's impact statement, the United States does not intend to present exhibits or testimony at the hearing.

5

## CONCLUSION

For the reasons, the United States respectfully requests that the Court sentence the defendant to 15 years' incarceration and 10 years' supervised release.

Respectfully submitted,

THOMAS T. CULLEN
UNITED STATES ATTORNEY

/s/ *Heather L. Carlton*
Heather L. Carlton
Ronald M. Huber
Assistant United States Attorneys
United States Attorney's Office
255 West Main Street
Charlottesville, Virginia 22902
Tel: (434) 293-4283
Fax: (434) 293-4910
heather.carlton@usdoj.gov
ron.huber@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on February 12, 2019, I electronically transmitted the foregoing document via the Court's ECF system, which provides service on all counsel of record.

/s/ *Heather L. Carlton*
Assistant United States Attorney
