CLERKS OFFICE US DISTRICT COURT
AT ROANOKE, VA
FILED

August 03, 2026

LAURA A. AUSTIN, CLERK
BY: /s/ E. Jones
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) Criminal No. 4:18-cr-00009 |
| v. | ) |
| | ) By:   Michael F. Urbanski |
| JOSHUA MALIK COLEMAN, | ) Senior United States District Judge |
| Defendant-Petitioner | ) |

## MEMORANDUM OPINION

This matter comes before the court on defendant Joshua Malik Coleman's pro se motion for a sentence reduction in which he asks to have his federal sentence amended to run concurrently with a state court sentence he currently is serving, and also asks for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A), commonly known as a motion for "compassionate release." ECF No. 122. The Federal Public Defender was given an opportunity to supplement Coleman's petition but declined to do so. ECF No. 125. The government filed a response in opposition. ECF No. 126. For the reasons stated herein, the court will **DENY** the motion.

### I. Background

On May 8, 2018, Coleman and his cousin were indicted on one count of sexual exploitation of a child. ECF No. 3. On October 25, 2018, Coleman entered into a Rule 11(c)(1)(C) plea agreement in which the parties agreed that he would be sentenced to the statutory mandatory minimum sentence of 15 years. Plea Agreement, ECF No. 47.

The government submitted a statement of facts in which it asserted that it would have been able to prove beyond a reasonable doubt that on October 22, 2016, Coleman's cousin texted a 15-year-old acquaintance via social media and told her that he and Coleman had

alcohol. The girl agreed to meet them and Coleman picked her up and took her to his house. The three drank alcohol and smoked synthetic marijuana and the girl passed out. Early the next morning the girl woke up feeling sick and asked Coleman and his cousin to take her to the emergency room. They did so, dropping her off and driving away, and the girl was treated for alcohol poisoning. Statement of Facts, ECF No. 45 at 1–2. A few weeks later the girl saw at least two videos on social media depicting her having sex with Coleman and his cousin. In one of the videos she appeared unresponsive. The girl had no memory of the sexual assault and did not give permission for the sexual encounter or the recording of it. Id. at 2.

On February 28, 2019, Coleman was sentenced to 180 months to be served consecutively to any state sentence, and to be followed by a 10-year term of supervised release. J., ECF No. 60 at 2.[1] The judgment was amended several times to reflect imposition and later modification of a restitution order, but the term of incarceration has remained the same throughout the modifications. Am. Js., ECF Nos. 75, 100, 108. Coleman has not yet begun serving his federal sentence as he has been serving a 13-year state sentence for convictions related to credit card theft and robberies that he committed in 2017. Pre-Sentence Investigation Report (PSR), ECF No. 58 ¶ 25. He had already begun serving that sentence when he was indicted on the federal charge for the conduct that occurred in 2016. Sent. Mem., ECF No. 57 at 1.

---

[1] Coleman's case was before the Hon. Jackson L. Kiser until his death, at which time it was transferred to the undersigned. See ECF No. 111.

2

## II. Nunc Pro Tunc Designation

At sentencing, a court may impose multiple terms of imprisonment concurrently or consecutively. 18 U.S.C. § 3584(a).

> If multiple terms of imprisonment are imposed on a defendant at the same time, or if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively, except that the terms may not run consecutively for an attempt and for another offense that was the sole objective of the attempt. Multiple terms of imprisonment imposed at the same time run concurrently unless the court orders or the statute mandates that the terms are to run consecutively. Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently.

Id. Coleman asserts that the court was ambiguous or silent as to whether his federal sentence was to run concurrently or consecutively to his state court sentence. Mot., ECF No. 122 at 1. He then argues that because the judgment was silent, § 3584(a) requires that the sentences run concurrently. However, this assertion is incorrect, as the judgment states that his federal sentence was to run consecutively to any state sentence. Third Am. J., ECF No. 108 at 2. In addition, even if the judgment were silent, the statute provides that multiple terms of imprisonment imposed at different times run consecutively, unless the court orders otherwise, and in Coleman's case, the state and federal sentences were imposed at different times.

Coleman also asks the court to enter a nunc pro tunc order directing that the facility where he is serving his state court sentence be designated for concurrent service of his federal sentence. The Bureau of Prisons (BOP) designates the place of a prisoner's imprisonment, after considering a list of factors. 18 U.S.C. § 3621(b). When a federal court orders or recommends that a sentence run concurrently with a state sentence already imposed, the BOP

3

implements the order or recommendation, typically by designating the state facility as the place to serve the federal sentence. BOP Program Statement 5160.05(7) (2003) (citing United States v. Hardesty, 958 F.2d 910 (9th Cir. 1992)). An inmate may make a request to the BOP for a nunc pro tunc designation that the facility where he is serving a state sentence be designated as the facility at which he can serve his federal sentence. BOP Program Statement 5160.05(9)(4). When such a request is made, the BOP may, but is not required to, send a letter to the sentencing court asking if the court has objections to a nunc pro tunc designation of the state facility as a place where the inmate can serve the federal sentence. Id. at 5160.05(9)(4)(c). However, the BOP will not allow a concurrent designation if the sentencing court has already ordered the sentence to run consecutively to any other sentence. Id. at 5160.05(9)(4)(f).

Coleman does not indicate that he asked the BOP to contact the court regarding a nunc pro tunc designation. But in any event, the court is without authority to order such a designation. Coleman faced a statutory sentencing range of 15 years to life, and a guidelines sentence range of 324 to 360 months. PSR, ECF No. 58. The court departed from the guidelines range based on the plea agreement, Coleman's mental and emotional condition, and because the evidence showed that Coleman did not intend to distribute the video and the identity of the person who distributed the video was unknown to the court. Statement of Reasons (filed under seal), ECF No. 110. The PSR explained that Coleman was serving an active sentence of 13 years on three counts of credit card theft, one count of attempted robbery, one count of grand larceny from a person, two counts of robbery, and one count of conspiracy to commit robbery, PSR, ECF No. 58 ¶ 25, and the court adopted the PSR without

4

change. Statement of Reasons, ECF No. 110, at 1. Thus, the sentencing court was aware that Coleman was serving a 13-year state sentence and nevertheless specified that the federal sentence would run consecutively to the state sentence.

The court recognizes that between the state and federal convictions, Coleman's total sentence of 28 years is extremely long. However, the convictions and sentences were based on different offenses that occurred six months apart. The original sentencing court found reason to order that the sentences be served consecutively, and this court is without authority to change the consecutive designation. See 18 U.S.C. § 3582(b) (setting out limited circumstances, none of which apply to Coleman's situation, in which a sentence of imprisonment can be modified). Accordingly, Coleman's request to this court for a nunc pro tunc order designating the facility where he is serving his state court sentence as a facility to serve his federal court sentence must be **DENIED**.

### III. Compassionate Release

Coleman also seeks a sentence reduction based on his extensive efforts at rehabilitation since he has been incarcerated, on the fact that his drug and alcohol addiction was not considered at sentencing, and on his demonstrated remorse and accountability. The compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act, authorizes courts to modify terms of imprisonment as follows:

> The court may not modify a term of imprisonment once it has been imposed except that—in any case—the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of

5

imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

(i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Accordingly, Coleman's requested relief requires the court to consider (1) if he exhausted his administrative remedies; (2) if so, whether there are extraordinary and compelling reasons that warrant a reduction in his sentence; and (3) if so, what, if any, sentence reduction is appropriate after considering the applicable 18 U.S.C. § 3553(a) factors.

## A. Exhaustion

The court begins by considering the threshold requirement for obtaining relief under § 3582(c)(1)(A). United States v. Muhammad, 16 F.4th 126, 129–30 (4th Cir. 2021). This requirement, which is non-jurisdictional, is "satisfied if a defendant requests the Bureau of Prisons to bring a motion [for compassionate release] on their behalf and either fully exhausts all administrative rights to appeal the Bureau's decision or waits 30 days from the date of their initial request to file a motion in the district court." Id. at 131. A defendant "is not required to exhaust his administrative remedies with the BOP at all beyond making the initial request for compassionate release." United States v. Ferguson, 55 F.4th 262, 268 (4th Cir. 2022).

However, the exhaustion requirement is waived or deemed satisfied if the defendant is in state custody and there is no BOP warden to whom he could present a request for compassionate release. United States v. Doss, No. 6:98CR40059, 2025 WL 1222755, at *2 (W.D. Va. Apr. 28, 2025) (Moon, J.) The government does not contest that Coleman is serving

6

a state court sentence and cannot exhaust his administrative remedies by submitting his request to a BOP warden. Accordingly, the exhaustion requirement is waived for Coleman and the court will address his request for compassionate release on the merits.

### B. Extraordinary and Compelling Reason

The court next considers whether it should reduce the term of imprisonment. Effective November 1, 2023, the United States Sentencing Commission amended the policy statement that addresses motions for sentence reduction under 18 U.S.C. § 3582(c)(1)(A) when a defendant alleges that extraordinary and compelling reasons warrant a reduction. See U.S. SENT'G COMM'N, GUIDELINES MANUAL § 1B1.13 (Nov. 2023) (USSG or guidelines). The policy statement in the revised guidelines now provides in USSG § 1B1.13(b) that an "extraordinary and compelling" reason warranting compassionate release can exist under any of the following circumstances, each of which includes detailed requirements and caveats: (1) medical circumstances of the defendant; (2) age of the defendant; (3) family circumstances of the defendant; (4) victim of abuse; (5) other reasons; and (6) unusually long sentence.

Coleman argues that he is entitled to a sentence reduction based on his rehabilitation since he has been incarcerated in state prison, on the fact that his drug and alcohol addictions were not considered at sentencing, and on his demonstrated remorse and accountability. The court has reviewed the documents that Coleman included with his motion, including his work history and the record of classes he has taken, both of which are impressive. Coleman has worked in various jobs, including head cook and as an inmate advisor both at the State Farm Enterprises unit and the Lawrenceville Correctional Center. Work History, ECF No. 122-5 at 1. These positions indicate that Coleman has earned the trust of prison staff and that he

7

exhibits leadership qualities. Coleman also has been active in a veterans' support group, a 12-step substance abuse program, a peer-led PEACE program, and a peer-led Real Talk with Real Life program. Programming, ECF No. 122-5 at 3–4. The court also has reviewed letters of support from friends and family that Coleman submitted and notes that the people in Coleman's life believe that he is remorseful of his conduct and that he has turned his life around and gained valuable skills that will help him to be a productive citizen when he is released from custody.

Unfortunately, any argument that Coleman is entitled to a sentence reduction based on his rehabilitation is foreclosed by USSG § 1B1.13(d). That section of the sentencing guidelines provides that "pursuant to 28 U.S.C. § 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement." USSG § 1B1.13(d). Rehabilitation "may be considered in combination with other circumstances in determining whether and to what extent a reduction in the defendant's term of imprisonment is warranted." Id. See also United States v. Graves, No. 7:16-cr-00056, 2020 WL 2847631, at *2 (W.D. Va. June 2, 2020) (noting that "[r]ehabilitation, standing alone, 'shall not be considered an extraordinary and compelling reason' for sentence reduction").

Regarding Coleman's assertion that the sentencing court failed to consider his addictions to drugs and alcohol at sentencing, the court cannot consider purported errors that occurred at sentencing as a basis for a sentence reduction under § 3582(c)(1)(A). Ferguson, 55 F.4th at 270. Rather, "28 U.S.C. § 2255 is '[t]he exclusive remedy' for challenging a federal conviction or sentence after the conclusion of the period for direct appeal, 'unless [§ 2255] is

8

inadequate or ineffective,' in which case the defendant may file a 28 U.S.C. § 2241 petition for habeas corpus pursuant to the savings clause at § 2255(e)." Id.

Moreover, the PSR described Coleman's history of drug and alcohol abuse starting at age 9 or 10 and included a statement from Coleman that his preferred drug was cocaine and that alcohol had caused him the most problems. PSR, ECF No. 58 ¶ 41. The sentencing memorandum prepared by Coleman's attorney also discussed his drug addiction and his desire for substance abuse and mental health treatment. Sent. Mem., ECF No. 57. Therefore, even if the court could consider an error at sentencing as a basis for a sentence reduction, the record indicates that evidence of Coleman's addictions was considered at sentencing.

Because Coleman has not sufficiently alleged or provided evidence of any other extraordinary and compelling reason for a sentence reduction, the court will not consider his rehabilitation as a standalone reason for a sentence reduction. Accordingly, his motion for a sentence reduction based on his rehabilitation is **DENIED**.

### C. 18 U.S.C. § 3553(a) Factors

Because the court determined that Coleman has not shown an extraordinary and compelling reason for a sentence reduction, it need not assess the § 3553(a) factors. See United States v. Bethea, 54 F.4th 826, 833 (4th Cir. 2022) (describing the "extraordinary and compelling" reasons for relief as a threshold for eligibility); see also United States v. Elias, 984 F.3d 516, 519 (6th Cir. 2021) ("[D]istrict courts may deny compassionate release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others.").

9

## IV. Conclusion

For the above-stated reasons, the court **DENIES** Coleman's motion asking that his federal sentence be run concurrently with his state sentence, or that his sentence be reduced under 18 U.S.C. § 3582(c)(1)(A), ECF No. 122. An appropriate order will be entered.

It is so **ORDERED**.

Entered: *August 3, 2026*

Michael F. Urbanski
Senior United States District Judge